THOMAS E. WINNER
Nevada Bar No. 5168
LARA L. MILLER
Nevada Bar No. 12618
WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
twinner@winnerfirm.com
lmiller@winnerfirm.com

*Attorneys for Defendant*
*GEICO Casualty Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MORGAN SPENCER KERN, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, a foreign corporation; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:21-cv-00737-RFB-BNW<br><br>**DEFENDANT GEICO CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**JURY REQUESTED** |

　　　　COMES NOW Defendant, GEICO CASUALTY COMPANY, (hereinafter referred to as "Defendant") by and through its attorneys, WINNER & SHERROD LTD, and for its Answer and Affirmative Defenses to Plaintiff Morgan Spencer Kern's Complaint (hereinafter referred to as "Plaintiff's Complaint") on file herein, admits, denies and alleges as follows.

　　　　Pursuant to F.R.C.P. 8(b), Defendant denies generally, each and every allegation of matter, fact, and thing against it contained in Plaintiff's Complaint, unless otherwise admitted or qualified.

**ANSWER TO PLAINTIFF'S COMPLAINT**

　　　　1.　　Answering Paragraph 1 of the "General Allegations" of the Plaintiff's Complaint,

1  Defendant states that it does not have sufficient knowledge or information upon which to base a
2  belief as to the truth of the allegations contained therein, and upon said ground, denies each and
3  every allegation contained therein.

4  2. Answering Paragraph 2 of the "General Allegations" of the Plaintiff's Complaint,
5  upon information and belief, Defendant admits the allegations set forth therein.

6  3. Answering Paragraph 3 of the "General Allegations" of the Plaintiff's Complaint,
7  Defendant asserts that said paragraph contain statements, assumptions, and conclusions of law
8  which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a
9  position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies
10  said allegations and holds Plaintiff to all proofs. When said DOES and ROE CORPORATIONS
11  defendants are identified and served, Defendant will assert its positions on Plaintiff's allegations
12  at that time.

13  4. Answering Paragraph 4 of the "General Allegations" of the Plaintiff's Complaint,
14  Defendant asserts that said paragraph contains statements, assumptions, and conclusions of law
15  which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a
16  position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies
17  said allegations and holds Plaintiff to all proofs.

18  5. Answering Paragraphs 5 and 6 of the "General Allegations" of the Plaintiff's
19  Complaint, upon information and belief, Defendant admits the allegations set forth therein.

20  6. Answering Paragraphs 7 and 8 of the "General Allegations" of the Plaintiff's
21  Complaint, Defendant asserts that said paragraphs contain statements, assumptions, and
22  conclusions of law which Defendant can neither admit nor deny, save and except that Defendant
23  is unable to assert a position as to the legal or factual basis or claims made by Plaintiff therein,
24  and therefore denies said allegations and holds Plaintiff to all proofs.

25  7. Answering Paragraphs 9, 10, 11, 12, and 13 of the "General Allegations" of the
26  Plaintiff's Complaint, upon information and belief, Defendant admits the allegations set forth
27  therein.

28

8. Answering Paragraph 14 of the "General Allegations" of the Plaintiff's Complaint, Defendant asserts that said paragraph contains statements, assumptions, and conclusions of law which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies said allegations and holds Plaintiff to all proofs.

9. Answering Paragraphs 15 and 16 of the "General Allegations" of the Plaintiff's Complaint, upon information and belief, Defendant admits the allegations set forth therein.

10. Answering Paragraphs 17, 18, 19, 20, and 21 of the "General Allegations" of the Plaintiff's Complaint, Defendant asserts that said paragraphs contain statements, assumptions, and conclusions of law which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies said allegations and holds Plaintiff to all proofs.

**FIRST CAUSE OF ACTION**
**(UIM Breach of Contract)**

11. Answering Paragraph 22 of the "First Cause of Action" of the Plaintiff's Complaint, Defendant alleges its answers to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth at this point and incorporates them herein by reference.

10. Answering Paragraphs 23, 24, 25, and 26 of the "First Cause of Action" of the Plaintiff's Complaint, upon information and belief, Defendant admits the allegations set forth therein.

12. Answering Paragraphs 27, 28, and 29 of the "First Cause of Action" of the Plaintiff's Complaint, Defendant asserts that said paragraphs contain statements, assumptions, and conclusions of law which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies said allegations and holds Plaintiff to all proofs.

13. Answering Paragraph 30 of the "First Cause of Action" of the Plaintiff's Complaint, Defendant states that this paragraph was pled in violation of Nevada law and should

be stricken from the pleadings. Defendant will move the Court at the appropriate time that this paragraph be stricken.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

14. Answering Paragraph 31 of the "Second Cause of Action" of the Plaintiff's Complaint, Defendant alleges its answers to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth at this point and incorporates them herein by reference.

15. Answering Paragraphs 32, 33, 34, 35, 36, 37, 38, 39 and 40 of the "Second Cause of Action" of the Plaintiff's Complaint, Defendant asserts that said paragraphs contain statements, assumptions, and conclusions of law which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies said allegations and holds Plaintiff to all proofs.

## THIRD CAUSE OF ACTION
### (Violation of Unfair Claims Practices Act)

16. Answering Paragraph 41 of the "Third Cause of Action" of the Plaintiff's Complaint, Defendant alleges its answers to Paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth at this point and incorporates them herein by reference.

17. Answering Paragraph 42 of the "Third Cause of Action" of the Plaintiff's Complaint, upon information and belief, Defendant admits the allegations set forth therein.

18. Answering Paragraphs 43, 44, 45, 46, 47, 48, 50[sic], and 51[sic] of the "Third Cause of Action" of the Plaintiff's Complaint, Defendant asserts that said paragraphs contain statements, assumptions, and conclusions of law which Defendant can neither admit nor deny, save and except that Defendant is unable to assert a position as to the legal or factual basis or claims made by Plaintiff therein, and therefore denies said allegations and holds Plaintiff to all proofs.

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the allegations contained in the Plaintiff's Complaint failed to state a cause of action against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that this answering Defendant denies that any act or omission to act on this answering Defendant's part, or any act or omission to act on the part of any person or entity for whose acts or omissions this answering Defendant is or may be established to be legally responsible or liable, actually or proximately caused or contributed to in any manner or to any degree, any injuries, damages or losses, if any, for which recovery is sought by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's medical treatment and expenses were neither reasonable nor necessary.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that at all time herein its conduct has been motivated by the utmost good faith to its insured.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages should be dismissed and/or limited on the grounds that punitive damages, under Nevada law, violates the Defendant's right to due process of law under the 5th and 14th Amendments of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages should be dismissed and/or limited on the ground

that punitive damages, under Nevada law, violates the Defendant's right to due process of law under Article 1, Section 8, of the Nevada Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages should be dismissed and/or limited on the ground that punitive damages, under Nevada law, violates Defendant's right of equal protection of the laws under the 14th Amendment of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages should be dismissed and/or limited on the ground that punitive damages, under Nevada law, violates Defendant's right to equal protection of the laws under Article 4, Sections 20 and 21, of the Nevada Constitution.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiff has been or will be compensated for his damages, if any, by other parties, and/or other insurance benefits coverage, Defendant is entitled to a credit or offset in that amount.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that any verdict rendered against Defendant must be apportioned between injuries directly caused by the incident alleged in Plaintiff's Complaint and other medical conditions which may have predated or occurred subsequent to the accident alleged.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that it has not been guilty of malice, express or implied, such that an award of punitive damages is improper.

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the bad faith and punitive damages portions of this case are not ripe as the Plaintiff has not established legal entitlement to compensation under the terms of the policy of insurance.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff has the burden of proving the claim for punitive damages by clear and convincing evidence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's claims of extra contractual damages are made in bad faith, in violation of Rule 11, and for the purpose of obtaining a settlement more favorable than he is otherwise entitled to receive.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The complaint, and each cause of action thereof, is barred on the grounds that Defendant's conduct referred to in the complaint was not a substantial factor in bringing about the injuries and damages complained of by Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant hereby requests a credit in the amount of any advanced sums of money, if any, either to or on behalf of Plaintiff prior to trial in this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's injuries, medical conditions, and/or damages, if any, are unrelated to the incident which is the subject of this litigation and/or are pre-existing in that such medical conditions, injuries, and/or damages, if any, were caused separately and independently from or began prior or subsequent to the time of the subject incident. Such medical conditions,

injuries, and/or damages, if any, are, in their entirety, separate from and unrelated to the incident alleged in Plaintiff's Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that this answering Defendant denies that any act or omission to act on this answering Defendant's part, or any act or omission to act on the part of any person or entity for whose acts or omissions this answering Defendant is or may be established to be legally responsible or liable, actually or proximately caused or contributed to in any manner or to any degree, any injuries, damages or losses, if any, for which recovery is sought by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's medical treatment and expenses were neither reasonable nor necessary.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that there has been a failure of a condition precedent to recovery under the subject policy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiff has been or will be compensated for his damages, if any, by other parties, and/or other insurance benefits coverage, Defendant is entitled to a credit or offset in that amount.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that any verdict rendered against Defendant must be apportioned between injuries directly caused by the incident alleged in Plaintiff's Complaint and other medical conditions which may have predated or occurred subsequent to the accident alleged.

/ / /

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of his failure to satisfy conditions precedent, concurrent and/or subsequent to recovery under the contract.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from asserting any claims against Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material breaches of the contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Pursuant to the Federal Rule of Civil Procedure 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants. Moreover, some Affirmative Defenses have been pled for the purposes of nonwaiver. Defendant will amend this Answer should additional investigation warrant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

That it has been necessary for Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant as and for attorney's fees, together with its costs expended in this action.

/ / /

/ / /

/ / /

WHEREFORE, Defendant, GEICO CASUALTY COMPANY, demands judgment in favor of Defendant and against Plaintiff and that the plaintiff go hence forth with his costs herein incurred and that Defendant be awarded reasonable attorney's fees.

DATED this 14th day of May, 2021.

WINNER & SHERROD

*/s/Lara L. Miller*
Thomas E. Winner
Nevada Bar No. 5168
Lara L. Miller
Nevada Bar No. 12618
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant*
*GEICO Casualty Company*